UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK FARMER,

    Movant,

v.

    File No. 1:06-CV-04

    HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **OPINION**

This matter comes before the Court on Movant Patrick Farmer's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court on October 8, 2004.

### I.

On June 18, 2004, in accordance with a plea agreement, Movant pleaded guilty to one count of conspiracy to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and (C). *United States v. Farmer*, Case No. 1:04-CR-83 (W.D. Mich). On October 8, 2004, this Court entered a judgment sentencing Movant to 108 months imprisonment. Movant did not appeal his conviction or sentence. On December 27, 2005, Movant filed the instant § 2255 motion to vacate his sentence.[1]

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that if it plainly appears from the face of the § 2255 motion, exhibits and prior proceedings that the petitioner is not entitled to relief, the judge shall make an order for its summary dismissal. *Id.* On January 20, 2006, in accordance with Rule 4(b) and *Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002), this Court issued an order (Docket #4) directing Movant to show cause within fourteen days why his motion should not be summarily dismissed as time-barred. Movant now has filed a document entitled "Motion to Show Cause Why 2255 Should Be Granted" (Docket #5), which appears intended to be his response to this Court's order to show cause. The matter now is before the Court for a determination whether the motion should be summarily dismissed on the grounds of the statute of limitations.

**II.**

A threshold issue for § 2255 motions is whether the motion is filed within the one-year limitation period. 28 U.S.C. § 2255 ¶ 6. The limitation period runs from the latest of --

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

---

2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on December 27, 2005, and it was received by the Court on January 3, 2006. Thus, it must have been handed to prison officials for mailing at some time between December 27 and January 3. For purposes of this case, the Court gave Petitioner the benefit of the earliest possible filing date.

States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255 ¶ 6.

In the instant case, as in most cases, the one-year statute of limitations runs from the date on which the judgment of conviction becomes final. *Wiegand v. United States*, 380 F.3d 890, 891 (6th Cir. 2004). When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expires. *See Sanchez-Castellano v. United States*, 358 U.S. 424, 428 (6th Cir. 2004); *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002). Judgment was entered in Movant's criminal action on October 8, 2004. The judgment became final on Monday, October 25, 2004, upon the expiration of the ten-day period for filing a notice of appeal. Movant had one year, until October 25, 2005, in which to timely file a motion under § 2255. The instant motion was filed on or about December 27, 2005, two months after the statute of limitations expired. Accordingly, Movant's action appears to be time-barred and subject to summary dismissal.

The one-year limitations period is not jurisdictional and is subject to the doctrine of equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner

bears the burden of showing that he is entitled to equitable tolling.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 125 S. Ct. 200 (2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09.  In *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814-15 (2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Id.* at 1814 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Movant has failed to allege any facts or circumstances that would warrant application of equitable tolling in this case.  The fact that Movant is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen*, 366 F.3d at 403; *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing.").  Movant's assertion fails to demonstrate that "extraordinary circumstances" prevented him from timely filing his motion.  *See Pace*, 125 S. Ct. at 1814  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

## III.

The files and records in this case conclusively show that the motion is time-barred and the Movant is entitled to no relief under § 2255.  For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied.  An order consistent with this opinion will be entered.


Date:   February 17, 2006              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE